FILED

**NOT FOR PUBLICATION**

JUL 23 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BOOKSTORE, INC., an Oregon corporation; DANIEL COSSETTE; DONNA COSSETTE; MICHAEL WRIGHT; LINDA WRIGHT, | No. 11-35436 |
| | D.C. No. 3:09-cv-01490-BR |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| RANDY LEONARD, individually and in his official capacity as Portland City Commissioner; MICHAEL ALDERMAN, individually and in his official capacity as Portland City Fire Inspector; JEFF MYERS, individually and in his official capacity as Portland Police Bureau Officer; JOSEPH BOTKIN, individually and in his capacity as Portland Bureau of Development Services Inspector; HANK MCDONALD, individually and in his capacity as Portland Bureau of Development Services Inspector; CITY OF PORTLAND, a municipal corporation, | |
| Defendants - Appellees | |

Appeal from the United States District Court
for the District of Oregon

———————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Anna J. Brown, District Judge, Presiding

Argued and Submitted July 12, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

Plaintiffs-Appellants, The Bookstore, Inc., an Oregon corporation, and its owners, appeal the district court's grant of summary judgment in favor of Defendants-Appellees, the City of Portland and several Portland officials in their official and individual capacities. We review de novo, *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011), and we affirm. The parties are familiar with the facts underlying the appeal, and thus we do not include them here.

On appeal, Appellants argue that Appellees: (1) violated their equal protection rights by intentionally treating their property differently than similarly situated properties without a rational basis, (2) intentionally interfered with their economic relations, and (3) negligently shut off power to one of their buildings causing its roof to collapse.

1. Appellants assert a "class of one" equal protection claim. In a "class of one" claim, a plaintiff "does not allege that the defendants discriminate against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). To succeed on a "class

of one" claim, a plaintiff must demonstrate that the defendant: "(1) intentionally (2) treated [plaintiff] differently than other similarly situated property owners, (3) without a rational basis." *Gerhart*, 637 F.3d at 1022. Even if defendants have a rational basis for their acts, "in an equal protection claim based on selective enforcement of the law, a plaintiff can show that a defendant's alleged rational basis for his acts is a pretext for an impermissible motive." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007). A "plaintiff may show pretext by creating a triable issue of fact that either: (1) the proffered rational basis was objectively false; or (2) the defendant actually acted based on an improper motive." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 946 (9th Cir. 2004).

Appellants did not put forth any evidence that they were treated differently than other similarly situated businesses; they do not establish a genuine issue of fact that Appellees targeted them without a rational basis; and they do not put forth sufficient evidence that Appellants' proffered rational basis was a pretext for an impermissible motive.

2. Appellants concede that their intentional interference claim rises and falls with their equal protection claim. Because Appellants' equal protection claim fails, their intentional interference claim fails as well.

3. Appellants failed to establish that a genuine issue of material fact exists as to

3

whether Appellees acted negligently when they shut off the power to both

buildings.  *See, e.g.*, *Nelson v. City of Davis*, 571 F.3d 924, 929 n.2 (9th Cir. 2009).

AFFIRMED.